BARBARA WHITE BAKER, as Executrix, etc., of LUCY W. PERRY, Deceased, Plaintiff, *v.* JOHN F. GILCHRIST and Others, Defendants.

Supreme Court, Albany County, September 23, 1932.

*Joseph F. McCloy* [*Francis H. Warland* of counsel; *Leo Brady* with him on the brief], for the plaintiff.

*Seth T. Cole*, for the defendants.

BLISS, J. This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff is the representative of the estate of a non-resident decedent and the defendants compose the Tax Commission of the State of New York. The State, under article 10-A of the Tax Law, in 1926 assessed and collected a transfer tax against this estate on account of certain shares of stock of New York corporations owned by the decedent at the time of her death. The complaint also alleges that the statute under which this tax was assessed and collected was unconstitutional; that there are no funds available out of which a refund can be made; that the tax was collected by " force and duress," and that the defendants thereafter paid the said tax to the Treasurer of the State of New York. The statute under which this tax was collected was declared unconstitutional by the Court of Appeals in *Smith* v. *Loughman* (245 N. Y. 486). The gist of the action is moneys had and received or *assumpsit indebitatus*.

The question, therefore, before the court is whether these individual defendants should be held personally liable for moneys which they as Tax Commissioners of the State of New York assessed against this estate and collected therefrom and shortly thereafter paid into the treasury of the State of New York. The complaint does not allege that any protest was made to these defendants at the time of the payment of the tax and the plaintiff claims that no protest was necessary inasmuch as the statute under which the tax was assessed and collected was unconstitutional. Had this plaintiff seen fit to raise the question it could have had the determination of the State Tax Commission annulled and the order assessing and fixing the tax set aside. Instead of doing that the plaintiff paid the tax. These defendants were merely the agency of the State of New York set up by law for the purpose of collecting this tax. They simply transmitted the moneys to the Treasurer of the State. To say that individuals under such circumstances may be held personally liable for the millions of dollars of taxes so collected by the State of New York would in my opinion constitute an injustice. Not only would it work great harm to these men as individuals for the performance of official acts which, in so far as any facts alleged in the complaint are concerned, were performed in good faith, but also it would render it practically impossible for the State of New York to obtain any responsible persons to act as tax collecting agents. The wrongs which would be done in upholding this complaint are far more serious than those which would result from its dismissal. Under those circumstances the court should not hesitate to protect conscientious officials in the performance of what appears to be their duty.

The complaint is dismissed, with costs and ten dollars costs of this motion.